IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DERRICK LAMONE JOHNSON, § | | |
| *Petitioner,* § | | |
| § | | |
| V. § | | |
| § | NO. 3:03-CV-2606-K | |
| NATHANIEL QUARTERMAN, § | | |
| Director, Texas Department of § | (Death Penalty Case) | |
| Criminal Justice Correctional § | | |
| Institutions Division, § | | |
| *Respondent.* § | | |

**MEMORANDUM OPINION AND ORDER**
<u>**DENYING MOTION FOR NEW TRIAL**</u>

Petitioner Derrick Lamone Johnson ("Petitioner" and "Johnson") has filed a motion for new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure. (Doc. #27.) Respondent has filed a response in opposition to this motion. (Doc. #28.) For the reasons stated herein, the motion is denied.

Petitioner recasts a number of his claims in this motion in order to stress an "overriding constitutional concern - that the jury whose verdict resulted in the death sentence was not allowed to fairly consider that Johnson posed to danger to society if given a life sentence." (Motion at 3.) In making this argument, Petitioner identifies a number of claims made in his petition and suggests a meaning to those claims somewhat different from what was contained in his pleadings. For example, he contends that his eighth claim for relief includes a complaint that the Texas courts have not properly "narrowed" the term "society" to include prison resulting in the prejudice that the

existing charge allowed the jury to consider what Johnson might do if released back into the "free world" due to the omission of a parole instruction that should have excluded that possibility. However, the eighth claim in his petition did not mention parole or prison, or suggest any particular definition of "society" other than to complain of the failure of Texas to define the phrase "continuing threat to society". (Pet. at 98-119).

Further, Petitioner now states that his seventh claim for relief was inartfully "drawn as a collateral attack on the sufficiency of the evidence" when it apparently should have been considered to show what he believes is essential for a proper sentencing determination. (Motion at 5). Petitioner appears to argue that this claim shows the prejudice necessary to consider his other claims and should have been more clearly connected with those other claims. Apparently in connection with this pleading problem, Petitioner requests in his prayer for relief in the alternative to rebrief his claims. (*See* Motion at 10). Unfortunately, this Court does not consider that justice requires such amendment to the pleadings, nor would anything suggested in his motion authorize relief in the event that such repleading were granted.

Petitioner also complains that his final claim for relief on the basis of cumulative error was improperly given a "Balkanized" analysis which did not allow the prejudicial effect of his complaints to be properly considered. (Motion at 9). However, the cumulative error claim in his petition never made that connection and did not mention any failure to define "society" or inform the jury of the law of parole. Instead, it was

2

presented merely as an alternative argument if any of the prior claims are not sufficient to warrant relief in themselves. In it, he argued that, "Mr. Johnson cites many constitutional and statutory violations in this Petition. If this Court deems that none of these reasons taken alone justify reversing the trial court's judgment, then Mr. Johnson prays the Court consider the cumulative effect of the errors in the trial court." (Pet. at 164-65.) Of course, this Court may only cumulate claims of a constitutional magnitude which were not otherwise procedurally defaulted and are properly before the Court. *See Derden v. McNeel*, 978 F.2d 1453, 1454 (5th Cir. 1992). Since there were no such claims to cumulate, this ground failed and is not improved by the allegations of this motion.

The essence of Petitioner's motion distills all of his essential claims down to the assertion that his rights to a fair sentencing determination were violated by the trial court's failure to instruct the jury on the truth of Texas parole law. (*See* Motion at 3, 5-9). The discussion of Claim 7 that was "inartfully drawn as a collateral attack on the sufficiency of the evidence" and of Claim 8 with the new argument that the term "society" should have been defined to include prison, and of Claims 1 and 2, and his cumulative error claim, all boil down to Petitioner's disagreement with Fifth Circuit precedent holding that *Simmons* only applies to capital sentencing proceedings in those states offering life without parole. (*See* Motion at 7, acknowledging that *Miller v. Johnson*, 200 F.3d 274, 290-91 (5th Cir. 2000) is contrary to his position.) Unfortunately for

3

Petitioner, such precedent is binding on this Court. Therefore, his pleadings, even as recast in the way Petitioner now asserts, would not authorize relief and his motion for new trial should be denied.

IT IS, THEREFORE, ORDERED that *Petitioner's Motion for New Trial Pursuant to Fed. R. Civ. P. 59* (doc. #27) be, and it is hereby, DENIED.

SO ORDERED.

Signed on this the 2nd day of December, 2007.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE